UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

COLE MECHANICAL CORP.,                :

                 Plaintiff,           :     06 Civ. 2875 (LAK)(HBP)

     -against-                        :     OPINION
                                            AND ORDER
NATIONAL GRANGE MUTUAL                 :
INSURANCE CO.,
                                      :

                 Defendant.           :
----------------------------------X

                 PITMAN, United States Magistrate Judge:


I.   Introduction

                 Non-party Cyan Contracting, Inc. ("Cyan") moves for an
Order:  (1) permitting Cyan to intervene as a defendant in this
litigation pursuant to Fed.R.Civ.P. 24(a); (2) disqualifying
Thomas Czik, Esq. and his law firm Cullen and Dykman LLP ("C&D")
from representing plaintiff Cole Mechanical Corp. ("Cole"); and
(3) granting a protective order preventing any further discovery
of Cyan pending resolution of this motion, pursuant to
Fed.R.Civ.P. 26(c).  Plaintiff Cole cross-moves to compel discov-
ery.

                 For the reasons set forth below, Cyan's motions to
intervene and to disqualify Mr. Czik and C&D are granted.  Cyan's
motion for a stay of discovery is granted for a period of thirty
(30) days.  Cole's cross motion to compel discovery is denied.

## II.  Facts

Plaintiff Cole commenced this action against defendant National Grange Mutual Insurance Company ("National Grange") to recover payment for services it alleges it performed pursuant to a written contract with Cyan.  According to Cole's complaint, Cyan contracted with the Dormitory Authority of the State of New York ("DASNY") to perform construction work for two public improvement projects in New York County -- the Forensic Biology Lab Project and the Bellevue Hospital Project (Complaint ("Compl.") ¶ 8, 18).  As required by its contract with DASNY, Cyan secured a payment bond from National Grange by which National Grange agreed to pay for any labor and/or materials provided in connection with the projects for which Cyan failed to pay (Compl. ¶¶ 9-10, 19-20).  Cole further alleges that it sub-contracted with Cyan to perform certain mechanical work for both projects, it performed its obligations under the sub-contract with Cyan, and Cyan failed to pay it for its work (Compl. ¶¶ 11-13, 21-23).  Cole claims that after Cyan failed to make payment, Cole demanded on payment from National Grange pursuant to the payment bond, but that National Grange has also failed to pay Cole (Compl. ¶¶ 14-15, 24-25).

The motion to disqualify Mr. Czik and C&D arises out of the fact that both had previously represented Cyan.  On an unspecified date prior to November 2005, Mr. Czik was introduced

2

to Cyan's principal -- Mr. Leonard O'Connor -- by Cole's princi-pal (Declaration of Thomas D. Czik in Opposition to Motion to Disqualify and in Support of Motion to Compel, dated Dec. 8, 2006 ("Czik Decl."), ¶ 5).  As a result of that introduction, Cyan retained Mr. Czik and C&D to represent it in connection with a personal injury claim brought by an individual who claimed he was injured while working on the Bellevue Hospital Project (Czik Decl. ¶ 7).  That matter was ultimately settled without contribu-tion from Cyan (Czik Decl. ¶ 8).  In addition, on November 11, 2005, Cyan retained C&D to pursue "delay and inefficiency" claim[1] against DASNY (Czik Decl. ¶ 9 and Ex. A thereto).  The contem-plated delay and inefficiency claim was, however, never filed. According to Mr. Czik, Cyan never provided sufficient information to enable Mr. Czik and C&D to commence the action (Czik Decl. ¶ 10).  Mr. Czik spent a total of 10.3 hours working on the contem-plated delay and inefficiency claim (Czik Decl. ¶ 12 and Ex. B thereto).

In the fall of 2006, Mr Czik, as counsel for Cole, sought both documents and testimony from Cyan.  Cyan's current law firm, King & King LLP ("K&K"), produced the documents sought

---

[1]In this context, Cyan's contemplated delay and inefficiency claim again DASNY presumably would have claimed that conduct by the DASNY or the owner of the property delayed the work and caused Cyan to suffer inefficiencies, resulting in increased costs.  See generally Port Chester Elec. Constr. Corp. v. HBE Constr., 86 Civ. 4617 (KMW), 1989 WL 38118 at *1 (S.D.N.Y. Apr. 10, 1989), rev'd, 894 F.2d 97 (2d Cir. 1990).

by Cole but advised Mr. Czik that it believed C&D had a conflict of interest and could not represent Cyan if Cole were involved and that Cyan would not produce the witness sought by Cole.[2] Because Mr. Czik disagreed that there was a conflict of interest, plaintiff sought an Order from Judge Kaplan compelling the deposition.  On November 28, 2006, Judge Kaplan stayed the deposition pending Cyan's filing of a motion for a protective order (Docket Item 19).

III.  Analysis

A.  Cyan's Motion to Intervene

Rule 24(a) provides:

Upon timely application anyone shall be permitted to intervene in an action . . . (2) when the applicant claims an interest relating to the property or transac-tion which is the subject of the action and the appli-cant is so situated that the disposition of the action may as a practical matter impair or impede the appli-cant's ability to protect that interest, unless the applicant's interest is adequately represented by the existing parties.

The Court of Appeals for the Second Circuit has held that intervention as a matter of right requires an applicant to satisfy four elements:  "(1) file a timely motion; (2) show an interest in the litigation; (3) show that its interest may be impaired by the disposition of the action; and (4) show that its

_____

[2]This refusal by Cyan to produce a witness forms the basis of Cole's motion to compel.

interest is not adequately protected by the parties to the action."  In re Holocaust Victim Assets Litig., 225 F.3d 191, 197 (2d Cir. 2000); accord D'Amato v. Deutsche Bank, 236 F.3d 78, 84 (2d Cir. 2001); Arista Records, Inc. v. Dalaba Color Copy Ctr., Inc., 05-CV-3634 (DLI)(MDG), 2007 WL 749737 at *3 (E.D.N.Y. Mar. 7, 2007); Buxbaum v. Deutsche Bank AG, 216 F.R.D. 72, 76 (S.D.N.Y. 2003).  "Substantially the same factors [analyzed under Fed.R.Civ.P. 24(a)(2)] are considered in determining whether to grant an application for permissive intervention pursuant to Fed.R.Civ.P. 24(b)(2)."  In re Bank of New York Derivative Litig., 320 F.3d 291, 300 n.5 (2d Cir. 2003).  While a failure to satisfy any one of these four criteria is sufficient for a court to deny a motion to intervene, In re Bank of New York Derivative Litig., supra, 320 F.3d at 300, "the test is a flexible and discretionary one, and courts generally look at all four factors as a whole rather than focusing narrowly on any one of the criteria."  Tachiona ex rel. Tachiona v. Mugabe, 186 F. Supp.2d 383, 394 (S.D.N.Y. 2002), citing United States v. Hooker Chems. & Plastics, 749 F.2d 968, 983 (2d Cir. 1984); accord LaSala v. Needham & Co., 04 Civ. 9237 (SAS), 2006 WL 1206241 at *3 (S.D.N.Y. May 2, 2006); Long Island Trucking, Inc. v. Brooks Pharmacy, 219 F.R.D. 53, 55 (E.D.N.Y. 2003).  "The applicants' well pleaded allegations must be accepted as true for purposes of considering a motion to intervene, with no determination made as

to the merits of the issues in dispute." <u>Herman v. New York</u>
<u>Metro Area Postal Union</u>, 97 Civ. 6839 (KMW), 1998 WL 214787 at *1
(S.D.N.Y. Apr. 30, 1998); <u>accord</u> <u>Fleet Capital Corp. v. Mullins</u>,
03 Civ. 6660 (RJH)(KNF), 2004 WL 548240 at *1 (S.D.N.Y. Mar. 18,
2004).

In determining whether an intervention motion is
timely,

> courts should consider "(1) how long the applicant had
> notice of the interest before it made the motion to
> intervene; (2) prejudice to existing parties resulting
> from any delay; (3) prejudice to the applicant if the
> motion is denied; and (4) any unusual circumstances
> militating for or against a finding of timeliness."

<u>In re Bank of New York Derivative Litig.</u>, <u>supra</u>, 320 F.3d at 300,
<u>quoting</u> <u>United States v. Pitney Bowes, Inc.</u>, 25 F.3d 66, 70 (2d
Cir. 1994).

Cyan asserts that the motion is timely as the parties
were still in discovery when it filed the motion, C&D was substi-
tuted as counsel for plaintiff in September 2006, and defendants
filed an amended answer on October 13, 2006.  Cyan further argues
that there would be no prejudice to the parties if it were
permitted to intervene.

Cyan also claims that it has a clear interest in the
litigation because Cyan and its principal, Mr. O'Connor, have
agreed to indemnify National Grange for any liability it may
incur on its payment bond (Affidavit of Leonard O'Connor in

Support of Combined Motion, sworn to Dec. 5, 2006 ("O'Connor Aff."), ¶ 6 and Ex. A thereto at 2).

Finally, Cyan argues that it has interests that may be impaired by the outcome of the litigation and are not adequately protected by the present parties to the litigation because the indemnity agreement provides that Cyan and Mr. O'Connor are obligated to indemnify National Grange

> for any and all disbursement made by it in good faith
> in and about the matters contemplated by [the indemnity
> agreement] under the belief that it is or was liable
> for the sums and amounts so disbursed, or that it was
> necessary or expedient to make such disbursements,
> whether or not such liability, necessity, or expediency
> existed . . . .

(O'Connor Aff., Ex. A at 2).  Cyan also notes that the indemnity agreement provides that Cyan and O'Connor are bound by any decision by National Grange to settle Cole's claims, and that neither can re-litigate the wisdom of such a decision.  Specifically, the indemnity agreement provides that National Grange "shall have the exclusive right in its name or in the name of [Cyan] to adjust, settle or compromise any claim, counterclaim, demand, suit or judgment involving any bond or to take whatever other action it may deem necessary. . . . [National Grange's] determination . . . shall be binding and conclusive upon [Cyan]" (O'Connor Aff., Ex. A at 3).  On the basis of these provisions, Cyan argues it is obligated to indemnify National Grange for any payments it may make to settle this matter notwithstanding the

7

existence of a viable defense so long as National Grange has a good faith belief that the payment is necessary or expedient. Cyan argues that in light of this obligation, there is no assurance that National Grange will protect Cyan's interests adequately.

Neither Cole nor National Grange oppose Cyan's motion to intervene.

Cyan has adequately demonstrated its entitlement to intervene in this matter.  First, it does not appear that Cyan's motion to intervene was excessively delayed.  The other parties to the action do not argue that Cyan's motion is untimely, and given the absence of clear evidence concerning when Cyan knew or should have known about the action, I cannot independently conclude that Cyan's motion was excessively delayed.  Given the strength of other factors discussed below and the absence of any opposition or claim of prejudice from either Cole or National Grange, any delay should not be fatal to Cyan's motion. Furthermore, the issues in the case are relatively simple; granting Cyan's motion would not unduly complicate the action.  Cf. Beam v. HSBC Bank USA, 02-CV-0682E (SR), 2004 WL 944522 at *2 (W.D.N.Y. Mar. 30, 2004).

Second, given Cyan's obligation to indemnify National Grange, Cyan has a clear interest in the outcome of the litigation that may be impaired by the outcome of the litigation.

United States ex rel. Foster Wheeler Corp. v. American Sur. Co.,
142 F.2d 726, 728 (2d Cir. 1944); Coleman Capital Corp. v. Fid. &
Deposit Co., 43 F.R.D. 407, 408 (S.D.N.Y. 1967)

Third, Cyan has demonstrated that its interest is not
adequately protected by defendant.  As Cyan points out, the
indemnity agreement renders Cyan liable for any sums paid by
National Grange to settle the matter even if there is a viable
defense to Cole's claims.  Because such provisions are valid, see
Hutton Const. Co. v. County of Rockland, 52 F.3d 1191, 1192-93
(2d Cir. 1995), Cyan's interests may be compromised and not
adequately represented in the action unless Cyan is permitted to
intervene as a defendant.

Since Cyan has demonstrated that all the circumstances
justifying intervention are present here, its motion to intervene
is granted.

B.  Cyan's Motion to
    Disqualify Mr. Czik and C&D

Cyan next seeks disqualification of Mr. Czik and C&D on
the basis of their prior representation of Cyan.

A motion to disqualify an attorney is committed to the
discretion of the District Court.  Cresswell v. Sullivan &
Cromwell, 922 F.2d 60, 72 (2d Cir. 1990); Cheng v. GAF Corp., 631
F.2d 1052, 1055 (2d Cir. 1980), vacated on other grounds, 450
U.S. 903 (1981).  When deciding a motion to disqualify counsel, a

court must balance "the need to maintain the highest standards of the profession" against "a client's right freely to choose his counsel." Hempstead Video, Inc. v. Inc. Village of Valley Stream, 409 F.3d 127, 132 (2d Cir. 2005) (citations omitted).

In view of their potential for abuse as a tactical device, motions to disqualify opposing counsel are subject to particularly strict scrutiny. See Correspondent Servs. Corp. v. J.V.W. Inv., Ltd., 99 Civ. 8934 (RWS), 2000 WL 1174980 at *14 (S.D.N.Y. Aug. 18, 2000), citing Lamborn v. Dittmer, 873 F.2d 522, 531 (2d Cir. 1989); Decora Inc. v. DW Wallcovering, Inc., 899 F. Supp. 132, 135 n.2 (S.D.N.Y. 1995). Courts are also chary to grant motions to disqualify because such motions "impinge[] on a party's right to employ the counsel of its choice." Unique Sports Generation, Inc. v. LGH-III, LLC, 03 Civ. 8324 (JGK)(DF), 2005 WL 2414452 at *13 (S.D.N.Y. Sept. 30, 2005) (citation and internal quotations omitted); see also D.R.T., Inc. v. Universal City Studios, Inc., 02 Civ. 0958 (BSJ) (JCF), 2003 WL 1948798 at *2-*3 (S.D.N.Y. Apr. 24, 2003) ("[M]otions to disqualify counsel are generally disfavored. Courts are reluctant to grant such motions because they are often tactically motivated . . . and have an immediate adverse effect on the client by separating him from counsel of his choice[.]" (internal quotation marks and citations omitted)); First Trust Nat'l Assoc. v. Moses & Singer, 99 Civ. 1947 (JSM), 2000 WL 1093054 at *6 (S.D.N.Y. Aug. 4, 2000)

("Motions to disqualify opposing counsel are viewed with disfavor because they impinge on a party's right to employ the counsel of its choice."); <u>A.I. Credit Corp. v. Providence Washington Ins. Co.</u>, 96 Civ. 7955 (AGS)(AJP), 1997 WL 231127 at *1 (S.D.N.Y. May 7, 1997) ("Motions to disqualify opposing counsel are viewed with disfavor [principally because] disqualification of counsel impinges on a party's right to employ counsel of choice." (citations omitted)).  Finally, courts are also reluctant to grant motions to disqualify because they inevitably result in delay and added expense.  <u>Evans v. Artek Sys. Corp.</u>, 715 F.2d 788, 791 (2d Cir. 1983) (disqualification motions "inevitably cause delay"); <u>D.R.T., Inc. v. Universal City Studios, Inc.</u>, <u>supra</u>, 2003 WL 1948798 at *2 (motions to disqualify "cause undue delay [and] add expense").  For all these reasons, "the Second Circuit requires a high standard of proof on the part of the party seeking to disqualify an opposing party's counsel . . . ."  <u>Kubin v. Miller</u>, 801 F. Supp. 1101, 1113 (S.D.N.Y. 1992), <u>citing</u> <u>Gov't of India v. Cook Indus.</u>, 569 F.2d 737, 739 (2d Cir. 1978); <u>accord</u> <u>Occidental Hotels Mgmt. B.V. v. Westbrook Allegro L.L.C.</u>, 440 F. Supp.2d 303, 309 (S.D.N.Y. 2006); <u>Evans v. Artek Sys. Corp.</u>, <u>supra</u>, 715 F.2d 788 at 791 (same); <u>Paramount Communications, Inc. v. Donaghy</u>, 858 F. Supp. 391, 394 (S.D.N.Y. 1994) (same).

"Although disqualification motions within the Second Circuit often look to state disciplinary rules for guidance,

'such rules merely provide general guidance and not every viola-
tion of a disciplinary rule will necessarily lead to disqualifi-
cation.'"  <u>Solow v. Conseco, Inc.</u>, 2007 WL 1599151 at *3
(S.D.N.Y. June 4, 2007), <u>quoting</u> <u>Hempstead Video, Inc. v. Inc.</u>
<u>Village of Valley Stream</u>, <u>supra</u>, 409 F.3d at 132.[3]

Disqualification of counsel based on the prior repre-
sentation of an adverse party is warranted when three conditions
are met:

> (1) the moving party is a former client of the adverse
> party's counsel; (2) there is a substantial relation-
> ship between the subject matter of the counsel's prior
> representation of the moving party and the issues in
> the present lawsuit; and (3) the attorney whose dis-
> qualification is sought had access to, or was likely to
> have had access to, relevant privileged information in
> the course of his prior representation of the client.

<u>Evans v. Artek Sys. Corp.</u>, <u>supra</u>, 715 F.2d at 791; <u>accord</u> <u>DeFazio</u>
<u>v. Wallis</u>, 459 F. Supp.2d 159, 163-64 (E.D.N.Y. 2006); <u>Decora</u>
<u>Inc. v. DW Wallcovering, Inc.</u>, <u>supra</u>, 899 F. Supp. at 136.

There is no dispute that the first element is satis-
fied.  Mr. Czik and C&D formerly represented Cyan in connection
with a personal injury action and with respect to a contemplated

---

[3]New York Disciplinary Rule 5-108(A), which Cyan cites to as
the applicable rule to support its motion, prohibits counsel from
representing a client "in the same or a substantially related
matter in which that person's interests are materially adverse to
the interests of a former client" or using "any confidences or
secrets of the former client" unless there has been full
disclosure and consent of the former client.  N.Y.C.R.R. §
1200.27(a); <u>see</u> <u>also</u> <u>Intelsat, Ltd. v. Int'l Telecomm. Satellite</u>
<u>Org.</u>, 06 Civ. 10165 (JSR), 2007 WL 844816 at *1 (S.D.N.Y. Mar.
16, 2007).

delay and inefficiency claim against the NYSDA concerning the Bellevue Hospital Project.  The fact that the delay and inefficiency claim never matured into a lawsuit is immaterial.  All that the first element requires is the existence of an attorney-client relationship, and Mr Czik's own documentary evidence establishes that element (Czik Decl., Exs. A & B).

The existence of the second element -- whether the successive representations are substantially related -- is slightly more difficult.

In <u>Gov't of Indian v. Cook Indus.</u>, 569 F.2d 737 (2d Cir. 1978), the Court of Appeals for the Second Circuit seemed to suggest that disqualification was warranted only where the subject matters of the successive representations were "'identical'" or "'essentially the same.'"  Specifically, after listing the improper reasons for which motions to disqualify are sometimes made, the Court stated:

> Such considerations have resulted in honing the "substantial relationship" test in this Circuit in practical application to granting disqualification only upon a showing that the relationship between issues in the prior and present cases is "patently clear". . . .  Put more specifically, disqualification has been granted or approved recently only when the issues involved have been "identical" or "essentially the same." . . . .

569 F.2d 739-40 (citations omitted).

The foregoing language must, of course, be read in context.  In <u>Gov't of India</u>, the plaintiff's claim arose out of an alleged shortage in shipment of grain sold by defendant to the

13

Government of India.  Plaintiff's counsel had previously repre-
sented the defendant in an unrelated action brought by a Taiwan-
ese plaintiff alleging a shortage in a shipment of soybeans.
Although it appears from the District Court's opinion that both
shipments originated from the same facility, see Gov't of India
v. Cook Indus., 422 F. Supp. 1057, 1061 (S.D.N.Y. 1976), neither
the District Court's nor the Court of Appeals' opinions indicate
whether the same personnel were involved in both shipments.
Despite the fact that the two actions involved unrelated ship-
ments of different commodities to unrelated buyers, the Court of
Appeals affirmed the disqualification of plaintiff's counsel,
stating:

> Semantics aside, clearly the issues in the prior
> and present cases were substantially related.  The
> fraud issue in the Soybean Actions required [counsel]
> to conduct confidential inquiries as to Cook's loading
> procedures.  The very same information necessarily was
> the cornerstone upon which India's fraud claim against
> Cook in the instant case was based.  It would be diffi-
> cult to think of a closer nexus between issues.

569 F.2d at 739.

Although the Court of Appeals found that the two
actions were "'identical'" or "'essentially the same,'" it
suggested in a footnote that these two inquiries may not be the
exclusive tests to determine whether successive representations
are "substantially related."

> Appellants mount a massive attack on the district
> court's reliance here, 422 F. Supp. at 1061, upon Judge
> Weinfeld's formulation of the substantial relationship

14

> test in <u>T. C. Theatre Corp. v. Warner Bros. Pictures, Inc.</u>, 113 F. Supp. 265, 269 (S.D.N.Y. 1953), as requiring the court to ask "whether it can reasonably be said that in the course of the former representation the attorney <u>might</u> have acquired information related to the subject of his subsequent representation." (emphasis added).
>
> Read in the context of Judge Ward's opinion as a whole and in the light of this Court's repeated references over a period of nearly a quarter of a century to Judge Weinfeld's opinion as a <u>whole</u> in <u>T. C. Theatre Corp.</u>, we find no merit in appellants' attack in this respect. Moreover, as indicated above, no matter how the substantial relationship test is characterized, the close nexus between the issues in the prior and present cases here satisfied that test beyond cavil.

569 F.2d at 740 n.1.

Judged by either standard, I find that Mr. Czik's representation of Cyan and Cole involved "essentially the same" issues and put Mr. Czik in a position where he might have acquired information in the former representation that was related to the subject matter of the subsequent representation. Issues central to the contemplated delay and inefficiency claim would include the scope of the work required by the contract and whether Cyan completed all the work it was required to complete on the Bellevue project. Those same issues are implicated in Cole's claim since Cole was one of Cyan's subcontractors. Although the correspondence between Cyan and Mr. Czik suggests that the principal focus of Cyan's contemplated delay and inefficiency did not relate to Cole (see O'Connor Aff., Ex. B), Messrs. Czik and O'Connor also had conversations concerning the contem-

plated claim, the specific details of which are unknown.  Given
the fact that Mr. Czik was engaged by both Cyan and Cole in
connection with the very same construction project, I conclude
that the work Mr. Czik did in connection with both matters was
substantially related.

　　　　　The forgoing discussion also establishes that the third
element -- that the attorney whose disqualification is sought had
access to, or was likely to have had access to, relevant privi-
leged information in the course of his prior representation of
the client -- is also satisfied.  In this regard, I note that all
that need be shown is a likelihood or probability.  "Because it
would defeat the goal of preserving the client's confidences and
secrets, <u>see</u> Code of Professional Ethics, Canon 4, the client
need not demonstrate that secrets and confidences were actually
conveyed to the attorney he seeks to disqualify." <u>United States
v. Uzzi</u>, 549 F. Supp. 979, 982 (S.D.N.Y. 1982), <u>citing</u> <u>NCK Org.,
Ltd. v. Bregman</u>, 542 F.2d 128, 132 (2d Cir. 1976) <u>and</u> <u>T.C.
Theatres v. Warner Bros. Pictures</u>, 113 F. Supp. 265, 268
(S.D.N.Y. 1953); <u>see</u> <u>also</u> <u>DeFazio v. Wallis</u>, <u>supra</u>, 459 F.
Supp.2d at 164-65 ("In cases such as this, where the same indi-
vidual lawyer participated in the prior and current representa-
tion, the movant is not required to make a specific showing that
confidences were passed to counsel.  Instead, the movant is

entitled to the benefit of an irrebuttable presumption that confidences were shared.").

As Mr. Czik correctly points out, Cyan has not identified a single piece of critical information that it imparted to Mr. Czik that could be used against it by Cole in this matter. That fact, however, will not defeat disqualification:

> The dynamics of litigation are far too subtle, the attorney's role in that process is far too critical, and the public's interest in the outcome is far too great to leave room for even the slightest doubt concerning the ethical propriety of a lawyer's representation in a given case. These considerations require application of a strict prophylactic rule to prevent any possibility, however slight, that confidential information acquired from a client during a previous relationship may subsequently be used to the client's disadvantage.

Emle Indus., Inc. v. Patentex, Inc., 478 F.2d 562, 571 (2d Cir. 1973).

Since Cyan has adequately demonstrated the presence of all the relevant factors, its motion to disqualify Mr. Czik and C&D is granted.[4]

---

[4]Where steps are taken to isolate and "wall off" an attorney with a potential conflict of interest based on prior representation, disqualification of the individual attorney may not necessarily require disqualification of the firm. See generally Papyrus Tech. Corp. v. New York Stock Exch., Inc., 325 F. Supp.2d 270, 280 (S.D.N.Y. 2004). Cole offers no evidence and makes no argument that Mr. Czik has been sufficiently isolated from the rest of the attorneys in his firm such that disqualification of C&D is unnecessary.

IV.   Conclusion

      For all the foregoing reasons, Cyan's motion to inter-
vene and to disqualify Mr. Czik and C&D is granted.   In addition,
its application for a protective order staying discovery is
granted for a period of thirty (30) days to permit Cole to retain
new counsel.   Cole's cross motion to compel discovery is denied.

Dated:   New York, New York
        September 7, 2007

                    SO ORDERED

                    HENRY PITMAN
                    United States Magistrate Judge

Copies transmitted to:

Lauren J. Walter, Esq.
Thomas D. Czik, Esq.
Cullen and Dykman, LLP
Suite 275
1205 Franklin Avenue
Garden City, New York   11530

Scott A. Levin, Esq.
McElroy, Deutsch, Mulvaney
   & Carpenter, LLP (NY)
24th Floor
Wall Street Plaza
88 Pine Street
New York, New York 10005

Peter M. Kutil, Esq.
King & King LLP
27-12 37th Ave.
Long Island City, New York   11101