```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

COLE MECHANICAL CORP.,                :

                Plaintiff,            :
                                              06 Civ. 2875 (LAK)(HBP)
   -against-                          :
                                              AMENDED MEMORANDUM
NATIONAL GRANGE MUTUAL                :       OPINION AND ORDER[1]
INSURANCE COMPANY and
CYAN CONTRACTING CORPORATION,         :

                Defendants.           :

-----------------------------------X
```

PITMAN, United States Magistrate Judge:

Judge Kaplan has referred the parties' dispute concerning the pretrial order to me.  For the reasons set forth below, plaintiff/counterclaim-defendant's application to submit a revised PX-2 to plaintiff and to use the revised document as PX-2 at trial is granted.

The pertinent allegations and evidence concerning this case are set forth in my report and recommendation dated February 24, 2010, familiarity with which is assumed.  The present dispute involves one of the documents that plaintiff intends to offer to prove the contract price of the contract for the DNA Lab project.

---

[1]This Order corrects an erroneous reference to Cyan in the last paragraph of my Order dated June 1, 2010; the reference should have been to Cole.  In all other respects, this Order is identical to my Order dated June 1, 2010.

In discovery, two versions of this contract have been produced. One version recites the contract price as being $1.1 million; the second version recites the price as being $1.3 million. The existence of these two versions of the contract has long been known to all counsel, and the authenticity of the $1.3 million version is one of the principal issues in the case. Defendants have even retained an expert who will testify that defendant Cyan's signature on the $1.3 million version of the contract was is an exact duplicate of the Cyan signature appearing on the $1.1 million version of the contract and that one of these two signatures was cut and pasted from the other.

From the parties' correspondence, it appears that plaintiff initially submitted to defendants a copy of the $1.1 million version of the contract as one of the exhibits plaintiff intended to use at trial. Plaintiff now claims that this was a mistake, and seeks to substitute a copy of a version of the contract that recites the price as being $1.3 million. Cyan objects and claims that plaintiff is trying to change its theory of the case after receiving Cyan's portion of the pretrial order.

Cyan's argument is unconvincing. As noted above, the dispute concerning the contract price and the authenticity of the $1.3 million version of the contract is not new. Cyan has known about this issue for many months, has had ample time to prepare

for the claim and has even retained an expert to rebut the claim. Any suggestion that plaintiff is now relying on a new theory is inconsistent with the history of the case.[2]

Since it appears that plaintiff's substitution of the $1.3 million version of the contract was the result of an inadvertent error and will not result in any prejudice to Cyan, Cole's application is granted.

Dated:  New York, New York
        June 2, 2010

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Michael R. Galina, Esq.
Rabinowitz & Galina
94 Willis Avenue
Mineola, New York 11501

Scott A. Levin, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
24th Floor
Wall Street Plaza
88 Pine Street
New York, New York 10005

---

[2] If anything, a concession by plaintiff that the $1.1 million version of the contract would be a new development.

Karl J. Silverberg, Esq.
King & King LLP
27-12 37th Avenue
Long Island City, New York 11101